UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------- X
                                                          :
LINZHONG HUANG,                                           :
                                                          :
                                  Petitioner,             :
                                                          :          26-CV-2975 (VSB)
                 -against-                                 :
                                                          :          **OPINION & ORDER**
KENNETH GENALO, Field Office Director of                  :
New York Immigration and Customs                          :
Enforcement, *et al.*,                                    :
                                                          :
                                  Respondents.            :
                                                          :
---------------------------------------------------------- X

Appearances:

Ling Li
Law Office of Ling Li, P.C.
Queens, NY
*Counsel for Petitioner*

Janet Lynne Guyon
U.S. Attorney's Office, Department of Justice, SDNY
New York, NY
*Counsel for Respondents*


VERNON S. BRODERICK, United States District Judge:

        Before me is Linzhong Huang's ("Huang" or "Petitioner") petition for a Writ of Habeas

Corpus under 28 U.S.C. § 2241 challenging the lawfulness of his detention by Immigration and

Customs Enforcement ("ICE") and seeking an order directing the Government to immediately

release Petitioner from custody.  (Doc. 1 ("Petition" or "Pet.").)  Because I find that the

Government detained Petitioner pursuant to 8 U.S.C. § 1226 and that his detention violated his

due process rights, the Petition is GRANTED, and the Government is ordered to immediately

release Petitioner from custody.

I.    **Factual and Procedural Background**

Petitioner is a citizen of China, (Pet. ¶ 1), and arrived in the United States on or about July 13, 2023, (*id.*). Petitioner has lived in the United States since July 2023 and does not have any criminal convictions. (*Id.* ¶¶ 19–20.) On March 31, 2026, Petitioner was charged "with several gambling offenses" by the "New York City Police Department." (Doc. 5 at 2.) On April 10, 2026, immigration authorities arrested Petitioner during a "routine check-in at [] 26 Federal Plaza, New York." (Pet. ¶ 20.) During this routine check-in "Petitioner was detained by [ICE] and taken to 26 Federal Plaza, New York, New York." (*Id.* ¶ 2.) As of April 14, 2026, Petitioner was being detained in "Delaney Hall in Newark, New Jersey." (Doc. 5 at 2.)

On April 10, 2026, Petitioner filed the Petition, asserting that he was detained without an individualized custodial determination in violation of 8 U.S.C. § 1226. (*See generally* Pet.) On the same day, I issued an Order to Show Cause concerning the Petition. (Doc. 3.) The order enjoined Respondents from transferring Petitioner out of the country or the New York City metropolitan area and directed Respondents to file a letter by April 14, 2026 indicating: (1) under what statutory provision Petitioner is being detained; (2) whether Petitioner was located in the Southern District of New York at the time that the Petition was filed, as Petitioner alleges; and (3) whether this case is distinguishable from my decisions in *Sidqui v. Almodovar*, No. 25-CV-9349, 2026 WL 251929 (S.D.N.Y. Jan. 30, 2026), *Han v. Noem*, No. 25-CV-1075, 2026 WL 322963 (S.D.N.Y. Feb. 6, 2026), and the majority of cases in this District that have held that 8 U.S.C. § 1226(a), or the discretionary detention statute, applies to noncitizens currently present in the country rather than the mandatory detention statute of 8 U.S.C. § 1225(b). (*Id.*)

On April 14, 2026, Respondents filed a letter in response to the Order to Show Cause, agreeing that this case is not distinguishable from my decisions in *Sidqui* and *Han*, indicating that venue is proper, but requesting that if I granted the Petition that I direct that a bond hearing

be held before an immigration judge rather than releasing Petitioner. (Doc. 5.) On April 15, 2026, I held an initial telephone conference, during which I indicated that there was no need for additional briefing and that I would render a decision based upon the Petition and the Government's April 14, 2026 letter. On April 17, 2026, Petitioner filed a letter motion on the docket indicating that the District Attorney's Office has declined to prosecute the "gambling charges" against him, (Doc. 6), and on April 22, 2026, filed a motion to expedite as a result, (Doc. 7).

## II.     Legal Standard

Huang brings his Petition pursuant to 28 U.S.C. § 2241, which "authorizes a district court to grant a writ of habeas corpus whenever a petitioner is 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Wang v. Ashcroft*, 320 F.3d 130, 140 (2d Cir. 2003) (quoting 28 U.S.C. § 2241(c)(3)). "When a petitioner brings a habeas petition pursuant to § 2241, the petitioner 'bears the burden of proving that he is being held contrary to law; and because the habeas proceeding is civil in nature, the petitioner must satisfy his burden of proof by a preponderance of the evidence.'" *Dzhabrailov v. Decker*, No. 20-CV-3118, 2020 WL 2731966, at *3 (S.D.N.Y. May 26, 2020) (quoting *Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011)). "Federal courts have jurisdiction to hear habeas corpus claims by non-citizens challenging the constitutionality of their detention." *Lopez v. Sessions*, No. 18-CV-04189, 2018 WL 2932726, at *6 (S.D.N.Y. June 12, 2018) (citing *Demore v. Kim*, 538 U.S. 510, 516–17 (2003)).

## III.    Discussion

The Government concedes "[t]his case is not materially distinguishable" from my previous decisions in *Sidqui*, 2026 WL 251929 and *Han*, 2026 WL 322963, and the majority of cases in this District that have held that 8 U.S.C. § 1226(a), or the discretionary detention statute,

3

applies to noncitizens currently present in the country rather than the mandatory detention statute of 8 U.S.C. § 1225(b). (Doc. 5 at 1.) The Government also acknowledges that my previous decisions in *Sidqui* and *Han* "would control the result in this case if [I] adhere[] to those prior decisions." (*Id.* at 2.) Thus, "while reserving all rights, including the right to appeal, and to conserve judicial and party resources while expediting [my] consideration of this case, the Government is content with relying on, and incorporates by reference, the legal arguments it presented in *Han*." (*Id.*)

On February 6, 2026, I issued the decision in *Han*, which decided the same statutory issue raised here. 2026 WL 322963, at *4–7. My decision in *Han* controls the statutory issue in this case, as the Government acknowledges. (*See* Doc. 5 at 1–2.) I see no reason to depart from my previous decision. Therefore, I adhere to my decision in *Han* regarding Respondents' statutory authority to detain a petitioner that is living in the United States at the time of detention. For the reasons stated in *Han* and by several other courts in this District, I conclude that Huang, who has been living in the United States since 2023, was not subject to mandatory detention under 8 U.S.C. § 1225(b), and instead detained under the discretionary provision of § 1226(a). 2026 WL 322963, at *5–7.

In reaching this conclusion, I join the "overwhelming majority of opinions in this District and others across the country [that] have held that § 1226, not § 1225, governs the process of arresting and detaining noncitizens who are already present in the United States." *Id.* at *4 (collecting cases). Section 1225(b)(2) applies only to noncitizens actively "seeking admission" to the United States, and not to individuals like Huang who have already entered and have been residing in the country, because such individuals "can't go into a place where [they] already [are]." *Id.* at *5 (quoting *J.G.O. v. Francis*, No. 25-CV-7233, 2025 WL 3040142, at *3 (S.D.N.Y.

4

Oct. 28, 2025)). "To assume otherwise would mean that millions of immigrants living in the United States should be mandatorily detained as if they are on the cusp of our nation's borders." *Id.* Such an interpretation would command the counterintuitive result that the process of "inspection," which 8 U.S.C. § 1225 sets out as a process to apply for individuals seeking admission when arriving at the border, *see* U.S.C. § 1225(a)(3) ("All aliens (including alien crewmen) who are applicants for admission or otherwise seeking admission or readmission to or transit through the United States shall be inspected by immigration officers."), should be applied to individuals who have been residing without status across the country for sometimes years or decades. Further, "it would be remiss of me to ignore decades of immigration law that has acknowledged the difference between those at the border and those in the interior of the country." *Han*, 2026 WL 322963, at *7 (citing *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 490 (S.D.N.Y. 2025)).

Having determined that Huang is detained pursuant to § 1226(a), I conclude that his detention by the Government, without any individualized consideration, violates his due process rights. Section 1226(a) requires that the Government make an individualized determination based on (1) whether the noncitizen is a "danger to property or persons" and (2) whether the noncitizen is "likely to appear for any future proceeding" before detaining him. 8 C.F.R. § 1236.1(c)(8).

Accordingly, Petitioner's detention violates his due process rights. *See Han*, 2026 WL 322963, at *7 (determining that the petitioner's due process rights were violated where there was no evidence of an individualized determination prior to detaining the petitioner); *Tejeda-Mata v. Francis*, No. 26-CV-658, 2026 WL 221276, at *2 (S.D.N.Y. Jan. 28, 2026) ("Respondents have violated th[e] fundamental mandate [in the Due Process Clause], as Petitioner has been detained

without notice or an opportunity to be heard.  The remedy for this violation is release from custody."); *Tumba Huamani v. Francis*, 813 F. Supp. 3d 394, 407 (S.D.N.Y. 2025) (determining that the petitioner's due process rights were violated because she was detained "with no process at all, much less prior notice, no showing of changed circumstances, or an opportunity to respond" (internal quotation marks omitted)).

Finally, I decline the Government's request that I "order a bond hearing before an immigration judge" if I grant the Petition.  (Doc. 5 at 2.)  Respondents have not put forth any evidence that the Petitioner's gambling charges, incurred on March 30, 2026, (Doc. 5-3), were the basis for the decision to revoke Petitioner's release.  In other words, there is no evidence in the record that ICE made an individualized determination before detaining Petitioner under § 1226(a).  (*But see* Doc. 5-1 (notice requiring Petitioner to appear only because he is "an alien present in the United States without being admitted or paroled"); Doc. 5-4 (arrest warrant not evincing any individualized exercise of discretion).)  The Government's stray reference in its letter brief to "a targeted decision to revoke Petitioner's OREC and take him into custody following his arrest on gambling charges, which violated the conditions of his release at the border," (Doc. 5 at 2), does not evidence any individualized discretion exercised by ICE in advance of Petitioner's detention, as required by law.  *See Rueda Torres v. Francis,* No. 25-CV-8408, 2025 WL 3168759, at *5 (S.D.N.Y. Nov. 13, 2025) ("The Court cannot credit Respondents' new position as to the basis for [Petitioner's] detention, which was adopted *post hoc* and raised for the first time in this litigation." (citing *Lopez Benitez*, 795 F. Supp. 3d at 486)).  Additionally, that the gambling charges have now been dropped, (*see* Docs. 6–7), further supports the conclusion that *Han* is on all fours with the instant matter and that Petitioner is not a danger to the community.

"[A] bond hearing [cannot] retrospectively cure the due process violation, which derived from [Petitioner's] unlawful arrest and detention without the statutorily required exercise of discretion." *Yao v. Almodovar*, 813 F. Supp. 3d 461, 476–77 (S.D.N.Y. 2025) (citing *Tumba Huamani*, 813 F. Supp. at 404–07); *see also Ambroladze v. Maldonado*, 26-CV-00474, 2026 WL 280182, at *3 (E.D.N.Y. Feb. 3, 2026) ("[B]ecause the 'typical remedy' for 'unlawful executive detention' is 'of course, release,' the government's ongoing detention of Petitioner, in the face of yet another complete failure of process, entitles him to immediate release." (quoting *Munaf v. Geren*, 553 U.S. 674, 693 (2008))). "[T]he harm began when Petitioner was detained without process and continues with each day he remains in custody." *Han*, 2026 WL 322963, at *8. Thus, the Government must immediately release Huang from detention.

## IV.    Conclusion

Therefore, the Petition for a writ of habeas corpus is GRANTED.

Respondents are hereby ORDERED to immediately release Petitioner from custody, to certify compliance with this order by filing an entry on the docket no later than 5:00 p.m. on April 23, 2026, and to notify Petitioner's counsel of where and when Petitioner will be released.

IT IS FURTHER ORDERED that Petitioner "shall not be re-detained without notice and an opportunity to be heard at a pre-deprivation bond hearing before a neutral decisionmaker, where the government will have the burden of showing that his detention is authorized under 8 U.S.C. § 1226(a)." *Hyppolite v. Noem*, 808 F. Supp. 3d 474, 495 (E.D.N.Y. 2025). *Cf. Rueda Torres*, 2025 WL 3168759, at *6.

IT IS FURTHER ORDERED that the Government is ENJOINED from denying bond to Petitioner in any subsequent proceeding on the basis that he must be detained pursuant to 8 U.S.C. § 1225(b) and from invoking in that proceeding the automatic stay provision at 8 C.F.R. § 1003.19(i)(2), *Rueda Torres*, 2025 WL 3168759, at *6, absent a change in controlling law.

7

Respondents did not address Petitioner's request for attorney's fees and costs pursuant to the Equal Access to Justice Act as amended, 5 U.S.C. § 504 and 28 U.S.C. § 2412 in their letter, (*see* Doc. 5). Thus, if Petitioner still intends on seeking such relief, Petitioner may file a status letter proposing a briefing schedule for any application for attorneys' fees and costs by June 23, 2026.

SO ORDERED.

Dated:      April 22, 2026
            New York, New York

Vernon S. Broderick
United States District Judge